IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC. :
:
           Plaintiff, :   CIVIL ACTION
:
v. :
:   Case No.: _____
THE UNIDENTIFIED, WRECKED AND :
(FOR FINDERS-RIGHT PURPOSES) :
ABANDONED SAILING :
VESSEL, if any, its apparel, tackle, :
appurtenances and cargo located within :
center point coordinates: to be provided :
to the Court under seal at the Court's request :
:
        *in rem* :
:
           Defendant(s). :

## VERIFIED COMPLAINT IN ADMIRALTY *IN REM*

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by its undersigned counsel, hereby asserts the following Complaint *in rem* against THE UNIDENTIFIED, SHIPWRECKED VESSEL, if any, its apparel, tackle, appurtenances and cargo, if any, its apparel, tackle, appurtenances, and cargo located within the area described relative to the centerpoint coordinates to be filed under seal at the Court's request (hereinafter, "Defendant Site").

# I.
## THE PARTIES

1.  Odyssey is a Nevada corporation with its principal place of business located at 5215 West Laurel Street, Tampa, Florida 33607. Odyssey is engaged in the business of deep-ocean exploration and the recovery of shipwrecks around the world.

2.  The Defendant Site appears to be a cannon wreck of the Colonial period lying within the English Channel at a depth of less than 200 meters between 25 and 40 miles from the Coast of the United Kingdom, beyond the territorial waters or contiguous zone of any sovereign nation. Upon information and belief, no extant entity or person presently claims any ownership interest in the Defendant Site. There has been no evidence detected at the site which would indicate previous efforts to salvage the shipwreck and/or its cargo. The value of the Defendant Site cannot be estimated at this time.

# II.
## JURISDICTION AND VENUE

3.  This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D as hereinafter more fully appears. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333. In addition, the Court has *in personam* jurisdiction over the Plaintiff and constructive *quasi in rem* jurisdiction over the Defendant Site.

4.  Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391 and Local Rule 3(A) and (B) (3). Plaintiff's principal place of business is

located in this District, and artifacts recovered from the Defendant Site are and will be within the District during the course of this action.

## III.
## FACTS

5. Odyssey first located the site of the Defendant Site in the spring of 2008 using sonar and magnetometer equipment. Odyssey has undertaken a preliminary survey of the wreck site and taken limited video and photographic images using a surface-controlled remotely operated vehicle ("ROV").

6. The Defendant Site rests on the sea floor at a depth of less than 200 meters, beyond the territorial waters or contiguous zone of any sovereign nation. The shipwreck's position is located in an area referred to herein as the "Salvage Area" and is defined by the afore-mentioned center point coordinates. Upon information and belief, no other salvor is currently working on this site, nor has any evidence been detected of any salvage attempts. Odyssey is aware of no operations other than those by Odyssey which have been conducted on this site or in the general area, and to the best of Odyssey's knowledge, no salvor has sought to protect an interest in the vessel through an arrest. Odyssey has maintained actual, continuous, and exclusive possession or constructive occupancy of the wreck site to the extent this is possible.

7. The wreck site consists of cannons and other unidentified objects. Odyssey believes that potentially valuable cargo may be located at or near the site.

8. Odyssey is the only party which is currently engaged in exploration and survey operations on the Defendant Site. Using appropriate archaeological protocols, Odyssey has voluntarily and successfully obtained video and photographic images of the

3

Defendant Site and has begun preliminary archaeological documentation of the site. Odyssey is ready and able to conduct operations to recover artifacts from the Defendant Site, although it has done so only on a limited basis thus far. Odyssey is currently developing an archaeological excavation and conservation plan to ensure that its recovery operations are consistent with rigorous archaeological protocols, and the recovery operations will proceed consistent with these protocols.

9. Upon the filing of this action, Odyssey intends to turn over to the United States Marshal for the Middle District of Florida for symbolic arrest *in rem* a brick (hereinafter referred to as the "artifact") recovered from the Defendant Site. Odyssey's survey and recovery operation has been, and will continue to be, conducted in accordance with all appropriate archaeological protocols and under the direction of an experienced nautical archaeologist.

10. In addition to the artifact presented to the Court, Odyssey has documented other objects it has found on the Defendant Site. Any further artifacts recovered from the Defendant Site will be recovered under the jurisdiction of this Court, and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action.

11. This Court has *in personam* jurisdiction over the Plaintiff. In addition, this Court has, or will have during the pendency of this action, jurisdiction over any potential claimant or competing salvor by virtue of its contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the

Plaintiff, the forum, and the cause of action; and/or under the principles of jurisdiction by necessity.

12. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Defendant Site; to allow the Plaintiff to continue to pursue its ongoing survey and recovery operations without interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

13. Odyssey, its agents and associates, have invested substantial time, money and effort in locating, surveying and photographing the Defendant Site, and in planning the physical recovery of artifacts from the Defendant Site.

14. Odyssey, its agents and associates, are actively, voluntarily and successfully engaged in the process of reducing certain artifacts from the Defendant Site to the Plaintiff's exclusive custody, possession, dominion and control, as circumstances permit, and Odyssey has the present ability and intention to continue to do so during the pendency of this action.

## IV.
## PLAINTIFF'S CLAIMS

### COUNT I:
### POSSESSORY AND OWNERSHIP CLAIM
### PURSUANT TO THE LAW OF FINDS

15. Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 14.

16. This count arises under Supplemental Admiralty Rule D and general maritime law.

17. The Plaintiff is, by virtue of its exclusive possession, dominion and control of the Defendant Site, in possession of the Defendant Site, and has taken such actions as are necessary to constitute continued possession, dominion and control of the Defendant shipwreck.

18. As there is no extant owner of the Defendant Site or its artifacts, Odyssey is entitled to an adjudication of title and ownership in the Defendant Site, and her artifacts, and the right to recover the Defendant Site and her artifacts without the interference of any other salvor or claimant.

## COUNT II:
## SALVAGE AWARD CLAIM
## PURSUANT TO THE LAW OF SALVAGE

19. Plaintiff incorporates by reference, as though fully set forth herein, the allegations, set forth above in paragraphs 1 through 18.

20. This count arises under Supplemental Admiralty Rule C and the general maritime law as salvage services constitute a preferred maritime lien.

21. The Defendant Site and her artifacts are subject to maritime peril and she is in an utterly helpless condition from which she could not be rescued without the voluntary and successful services of Odyssey, its agents and associates.

22. Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Site.

23. Plaintiff's voluntary services have been, and will continue to be, successful in rescuing and/or helping to rescue artifacts from the Defendant Site in order to investigate and

research the wreck and to return the recovered portions thereof to the stream of commerce from which they were lost.

24. Plaintiff, by virtue of services performed, the private risk capital expended, and the time spent and danger incurred in finding and recovering artifacts from the Defendant Site, is entitled to a liberal salvage award for such services.

## COUNT III:
## DECLARATORY JUDGMENT

25. Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 24.

26. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

27. Defendant Site is located on the submerged lands referred to herein as the Salvage Area. This is an area located within the English Channel beyond the territorial waters or contiguous zone of any sovereign nation.

28. No government has the authority to interfere with Odyssey's exploration and/or recovery of the Defendant Site, or to grant, condition or deny the right of Odyssey to do so within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous zone of any sovereign nation; and the Defendant Site is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage.

## COUNT IV:
## CLAIM FOR INJUNCTIVE RELIEF TO PROTECT THE RECOVERY OPERATION

29. Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 28.

30. The rights and efforts of the Plaintiff, the economic value and integrity of the artifacts sought, the successful recovery of lost and abandoned property at sea, and the safety of life and limb mandate that Plaintiff be protected by the Court in maintaining exclusive dominion and control of its recovery activities concerning the Defendant Site without the interference of third parties, and to be salvor-in-possession or finder-in-possession of the Defendant Site for as long as Plaintiff intends to conduct operations at the site.

31. Allowing interference with the Plaintiff's ongoing operations would substantially and irreparably injure the Plaintiff, would be inequitable, would be harmful to the public good, would constitute a significant hazard to safe and successful salvage operations, and would be contrary to a balancing of the respective interests of the parties and the comparative hardships borne.

32. In order to adequately protect the security and the archaeological integrity of the Plaintiff's recovery operations, this Court should enter a preliminary injunction prohibiting any rival salvors or entity from conducting search and/or recovery operations, or any entity conducting activities that would disturb the site in any manner, within the coordinates encompassing the Salvage Area.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) that a Declaratory Judgment issue that the Defendant Site is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage;

(b) that a Declaratory Judgment issue that no government has the jurisdiction or authority to interfere with exploration for and/or recovery of the Defendant Site, or to grant,

condition or deny the right of Odyssey to do so within the waters of the English Channel, beyond the territorial sea or contiguous zone of any sovereign nation;

(c) that Odyssey be adjudged the true, sole and exclusive owner of the Defendant Site and any items recovered therefrom;

(d) in the alternative, should any claimant other than Odyssey be adjudged the owner of the Defendant Site or any items recovered therefrom, that Odyssey be awarded a liberal salvage award, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

(e) that Odyssey be adjudged as having the sole and exclusive right to conduct recovery operations on the Defendant Site, to preserve any artifacts recovered from the Defendant Site as either salvor-in-possession or finder-in-possession, without the interference of other third parties, and that any and all such interference be temporarily and permanently enjoined; and

(f) that process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Defendant Site, and/or artifacts recovered from the Defendant Site, with notice to be posted on the shipwreck to all persons claiming an interest in Odyssey's ongoing recovery operations to appear and answer this Complaint and to show cause as to why the artifacts recovered from the Defendant Site by Odyssey and its associates should not be:

(i) delivered to Odyssey as the sole and exclusive owner of said artifacts; or

(ii) alternatively, appropriately transferred in satisfaction of any judgment in favor of Odyssey for a salvage award; and

(g) that Odyssey may have such other and further relief as the justice of this cause may require.

Dated: May 29, 2008

Respectfully submitted,

Allen von Spiegelfeld – FBN 256803
avonsp@fowlerwhite.com
Eric C. Thiel – FBN 016267
ethiel@fowlerwhite.com
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, Florida 33601
(813) 228-7411
Facsimile: (813) 229-8313

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
mmacconnel@shipwreck.net

Attorneys for Plaintiff

40223488(25C)

# VERIFICATION

STATE OF FLORIDA )
)
COUNTY HILLSBOROUGH )

Before me, the undersigned authority, personally appeared this day, <u>Melinda J. MacConnel</u>, <u>Vice President / General Counsel</u>, Odyssey Marine Exploration, Inc., who is personally known to me, and who was duly sworn and says that she has read the foregoing Complaint and is familiar with its contents which are true to the best of her information and belief.

_____ (Signature)
<u>Melinda J. MacConnel</u> (Printed Name)
<u>Vice-President / General Counsel</u> (Title)

SWORN TO AND SUBSCRIBED before me this 29 day of May, 2008.

_____
Notary Public, State of Florida
at Large

PENNY CUBBEDGE GREENE
MY COMMISSION # DD 378351
EXPIRES: December 9, 2008
1-800-3-NOTARY    FL Notary Discount Assoc. Co.