UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

            Plaintiff,

v.                                                                      Case No. 8:08-cv-1044-T-23MAP

THE UNIDENTIFIED, WRECKED AND
(FOR FINDERS-RIGHT PURPOSES)
ABANDONED SAILING VESSEL, if any,
its apparel, tackle, appurtenances and cargo
located within center point coordinates:
to be provided to the Court under seal at
the Court's request
            *in rem*,

            Defendants.
_____/

## **ORDER**

      The Plaintiff has moved for a preliminary injunction (doc. 9), a matter the district judge has referred to me for a report and recommendation if granted, and for disposition if denied (doc. 13). The clear language of Rule 65 of the Federal Rules of Civil Procedure concerning preliminary injunctions provides that notice must be given to the party the movant seeks to enjoin. An injunction binds only those persons who actually receive notice. *See* Fed.R.Civ.P. 65(d)(2). In this case, there is no indication at this time that the *in personam* jurisdiction of this Court should be invoked because there is no assertion that anyone is attempting to interfere with the ongoing salvage recovery.[1] By its very nature, injunctive relief can only be granted in an *in*

---

[1] *See Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F.Supp. 953, 961 (M.D. Fla. 1993) (citing *Hitchman Coal & Coke Co. V. Mitchell*, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260 (1917) and *Zepeda v. United States I.N.S.*, 753 F.2d 719 (9th Cir. 1983), for the principle that admiralty law invokes *in rem* jurisdiction only, and *in personam* jurisdiction requires exercise of personal jurisdiction with adequate notice).

*personam* action commenced by one party against another in accordance with established principles of due process. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999). These due process concerns preclude courts from adjudicating *in personam* the rights or obligations of persons in the absence of personal jurisdiction. *Id.* (citations omitted). Plaintiff has filed this as an *in rem* action against an unidentified vessel. "[J]udgments in *in rem* actions affect only the property before the court and possess and carry no *in personam* significance, other than to foreclose any person from later seeking rights in the property subject to the *in rem* action." *Id.* Indeed, any injunctive relief ordered in an *in rem* action would prove futile because things or property cannot be enjoined to do anything. *Id.* To date, no adverse party has been identified. Should an adverse party surface, then Plaintiff is without prejudice to renew this motion and give the notice contemplated by the rule. Accordingly, it is

ORDERED:

1. Plaintiff's motion for preliminary injunction (doc. 9) is DENIED without prejudice.

DONE AND ORDERED at Tampa, Florida on September 10, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Steven D. Merryday
    Counsel of Record