IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.  :
                                  :
            Plaintiff,            :   CIVIL ACTION
                                  :
      v.                          :   Case No. 8:08-cv-01044-SDM-TGW
                                  :
THE UNIDENTIFIED, SHIPWRECKED     :
VESSEL, its apparel, tackle, appurtenances and :
cargo located within a 5 mile radius of the center :
point coordinates: to be provided to the Court under :
seal at the Court's request, *in rem*             :
                                  :
            Defendant.            :
_____/  :

## MOTION FOR DEFAULT JUDGMENT

COMES NOW, the Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by and through its undersigned attorneys, and respectfully moves this Honorable Court for entry of a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and in support thereof would state:

1.      Odyssey brought this action as an action under the laws of finds (Count I) and salvage (Count II). (Doc. 1.)

2.      Odyssey published notice of this action in the Tampa Tribune and the London Times, on January 23, 2009, which tentatively identified the vessel as *Le Marquis Tournay*, a vessel of French origin awarded as a prize by the British Admiralty to certain British privateers in 1748. (Docs. 16, 19.)

3. No party appeared to assert an ownership right or interest. On the 30th day of July, 2009, a default was entered by the Clerk of the Court in this action. (Doc. 21.)

4. Subsequent to the default, there has been no further activity from any other party wishing to assert a claim of ownership as to the vessel or any of its contents.

5. Odyssey discovered the wreck site and has since maintained constructive possession of the wreck site.

6. Odyssey's possessory rights are not protected by an injunction issued by this court enforcing a status described by the term of art: "salvor-in-possession." (Doc. 14.)

7. The action brought by Odyssey in this case as Count I of its Complaint is to be named the finder of a submerged wreck, now believed to be *Le Marquis Tournay*, and to be granted right of ownership and title to all artifacts recovered therefrom.

8. Odyssey has shown that it has found the wreck, maintains constructive possession of the wreck site and has the intent and ability to recover items from the wreck. No other party has come forth asserting an ownership interest or claim despite clear notice of this action.

Wherefore, Odyssey respectfully requests this Honorable Court to enter a judgment in favor of Odyssey Marine Exploration, Inc. naming it the finder of the wreck site described in the Complaint and awarding to Odyssey ownership rights and title to all artifacts Odyssey has recovered or may recover therefrom, and bring into the district.

## MEMORANDUM OF LAW

This is an action brought under law of finds and law of salvage. Under the law of finds, a salvor who notifies the world of his find and no owner comes forward gains title to

said find. *Hener v. United States*, 525 F. Supp. 350, 356 (S.D.N.Y. 1981). Odyssey filed its claim, made the world aware of the claim and has had no response. A default was entered, and pursuant to Rule 55(b)(2), Fed. Rule Civ. P. Odyssey is now entitled to a judgment naming it finder of the sunken wreck and granting it ownership and title to all of the objects recovered therefrom.

The law of salvage, on the other hand, presumes that the salvaged property has an owner, that the owner has not abandoned its ownership interests or rights and can pay a salvage award for the return of the property. No such owner has come forward in this case and it is fairly well settled in the admiralty courts that while law of salvage is preferred over law of finds, abandonment of ownership rights and interests may be inferred through lack of assertion of those ownership rights and interests, particularly in the case of ancient shipwrecks.

The courts agree that the law of finds should be applied in those instances where no party has come forward against which a salvage award can be levied. The following courts found the defendant shipwreck to be abandoned and applied the law of finds where no party came forward to establish ownership rights: *Treasure Salvors, Inc. v. The Unidentified Wrecked and Abandoned Sailing Vessel*, 569 F.2d 330 (5th Cir. 1978*)*; *Treasure Salvors, Inc. v. The Unidentified, Wrecked and Abandoned Sailing Vessel*, 556 F. Supp. 1319 (S.D. Fla. 1983); *Cobb Coin Co., Inc. v. The Unidentified Wrecked and Abandoned Sailing Vessel*, 525 F. Supp. 186 (S.D. Fla. 1981); *Klein v. The Unidentified Wrecked and Abandoned Sailing Vessel*, 758 F.2d 1511 (11th Cir. 1985*)*; *Wiggins v. 1100 Tons, More or Less, of Italian Marble*, 186 F. Supp. 452, 456 (E.D. Va. 1960); *Richard v. Pringle*, 293 F. Supp. 981

(E.D.N.Y. 1968); *Indian River Recovery Co. v. THE CHINA,* 645 F. Supp. 141 (D. Del. 1986); *Chance v. Certain Artifacts Found and Salvaged From THE NASHVILLE a/k/a THE RATTLESNAKE,* 606 F. Supp. 801 (S.D. Ga. 1984), aff'd, 775 F.2d 302 (11th Cir. 1985); *Martha's Vineyard Scuba HQ, Inc. v. The Unidentified, Wrecked and Abandoned Steam Vessel,* 833 F.2d 1059, 1061 (1st Cir. 1987).

In *Hener, supra,* the court noted:

> In the Treasure Salvors litigation, Treasure Salvors, Inc. ("TSI"), the group responsible for finding the treasure, was awarded title to and an exclusive right to recover the entire cargo, which was scattered over a wide area and portions of which had not yet been located. See Treasure Salvors, Inc., v. Unidentified Wrecked and Abandoned Vessel, 546 F. Supp. 919, No. 75-1416 (S.D. Fla. July 2, 1981). The facts of that case, however, readily justified a ruling for TSI under the law of finds. TSI not only had the intent to acquire the entire cargo but the proven capacity to do so.

525 F. Supp. 350, 355.

The *Hener* court also noted that the Treasure Salvors' findings combined both salvage and finds law, but observed that "reliance on salvage law was both conceptually unwarranted and unnecessary in the TSI litigation to achieve an otherwise equitable and proper result." *Id.*

Odyssey discovered the subject wreck site, has recovered objects from the site, has demonstrated the intent and capability of recovering the remaining cargo and has maintained constructive possession and a degree of control over the site as the nature of the site permits, thus meeting all requirements of law of finds.

WHEREFORE, it is respectfully requested that the Court enter a judgment in favor of Odyssey and name it finder of the wreck site set forth in the Complaint and to grant Odyssey

ownership rights and title to all objects it has recovered and may hereafter recover from the wreck site and bring into the district, pursuant to the law of finds.

Date: Dec. 29, 2009

Respectfully submitted,

/s/ Allen von Spiegelfeld

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, Florida 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street, 2nd Floor
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff