IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC. : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE UNIDENTIFIED, SHIPWRECKED : <br> VESSEL, its apparel, tackle, appurtenances and : <br> cargo located within a 5 mile radius of the center : <br> point coordinates: to be provided to the Court under : <br> seal at the Court's request, *in rem* : <br> : <br> Defendant. : <br> _____/ : | CIVIL ACTION <br><br> Case No. 8:08-cv-01044-SDM-TGW |

**MOTION FOR LEAVE TO FILE INFORMATION UNDER SEAL AND
MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, the Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by and through its undersigned counsel, and pursuant to Local Rule 1.09, respectfully requests leave to file under seal the center point coordinates for a circle containing the shipwrecked vessel, believed to be *Le Marquis Tournay*, its apparel, tackle, appurtenances and cargo, which is the subject matter of this case, and in support thereof states:

1.      On December 29, 2009, Odyssey filed a motion for default judgment in this case (Doc. 23).

2.      On December 30, 2009, the Court denied this motion without prejudice indicating that Odyssey had not filed the site location under seal with the Court (Doc. 24).

3. The item to be filed under seal is the geographic coordinates representing the center point of a circle with a radius of 5 nautical miles in which the subject sunken wreck is found, with a graphic representation of this location within the English Channel.

4. This description will provide the Court a means of identifying the location of the subject sunken shipwreck.

5. For the protection of the site, Odyssey requests leave to file the location information under seal with the Court.

## **MEMORANDUM OF LAW IN SUPPORT**

The Eleventh Circuit has determined the guidelines to be followed by the District Court in determining whether records should be sealed or public. In *Chicago Tribune Company v. Bridgestone Tire, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2006), the Court pointed out that the general presumption that criminal and civil actions should be conducted publicly and the common law right of access is not absolute. A court should exercise discretion in deciding whether to release judicial records. The Court specifically states:

> "Not unlike the Rule 26 standard, the common law right of access requires a balancing of competing interests. *See Newman,* 696 F.2d at 803."

Certainly there are circumstances where the balancing test is not sufficient; however, in those cases, the entire record is kept from the public. In this particular case, Odyssey is only asking that the location of the vessel found be kept under seal.

It should be noted that the Complaint (Doc. 1) includes a very broad description of the location of the wreck as well as its nature. Furthermore, the published Notice of Action (Doc. 19) included the name of the vessel Odyssey believes is located at the site. This information provided sufficient notice to alert any potential claimants. No claimants have

appeared in the case. At this point, making public the exact location of the shipwreck would only serve to jeopardize the site. The location information which Odyssey seeks to provide the Court under seal is equally as sensitive since the small area provided could be easily searched using modern equipment in a period of a few days.

It is respectfully submitted that, under the balancing test, Odyssey should be allowed to file under seal the location of the sunken wreck against which it is seeking a default judgment under law of finds, and it is respectfully requested that this Honorable Court grant Odyssey's Motion for Leave to File Information Under Seal in order to protect the integrity of the subject site.

WHEREFORE, Odyssey respectfully requests that the Court grant leave for Odyssey to file under seal the location of the shipwreck which is the subject matter of this case.

Dated: January 8th, 2010

Respectfully submitted,

Allen von Spiegelfeld – FBN 256803
avonsp@bankerlopez.com
Eric C. Thiel – FBN 016267
ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd.
Suite 1500
Tampa, Florida 33602
(813) 221-1500
Facsimile: (813) 222-3066

and

Melinda J. MacConnel – FBN 871151
Odyssey Marine Exploration, Inc.
5215 West Laurel Street, 2nd Floor
Tampa, FL 33607
(813) 876-1776, ext. 2240
Fax: (813) 830-6609
E-mail: mmacconnel@shipwreck.net

Attorneys for Plaintiff