UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MARINE EXPLORATION, INC.,

    Plaintiff,

v.                                                CASE NO: 8:08-cv-1044-T-23MAP

UNIDENTIFIED, WRECKED, AND
ABANDONED SAILING VESSEL,

    Defendant.
_____/

**O R D E R**

Pursuant to Rule 55(b), Federal Rules of Civil Procedure, Odyssey Marine Exploration, Inc., ("Odyssey") moved (Doc. 23) for a default judgment awarding the plaintiff title to "all artifacts Odyssey has recovered or may recover" from the defendant submerged wreck, "tentatively identified . . . as *Le Marquis Tournay*, a vessel of French origin awarded as a prize by the British Admiralty to certain British privateers in 1748." The complaint specifies the location of the wreck as "within a 5 mile radius of the center point coordinates: to be provided to the Court under seal at the Court's request." (Doc. 1 at 1)

Odyssey seeks a default judgment under the law of finds, which allows a finder to acquire "title to lost or abandoned property by 'occupancy,' i.e. by taking possession of the property and exercising dominion and control over it." Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 640 F.2d 560, 571 (5th Cir. 1981). However, "[a] finder cannot exclude others from their attempts to obtain first possession of artifacts recovered from an abandoned wreck." R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel, 435 F.3d 521, 535 (4th Cir. 2006).

A December 30, 2009, order (Doc. 24) denies the motion for default judgment because Odyssey fails to provide the center point coordinates. "[T]o protect the integrity of the subject site," Odyssey moves (Doc. 25) to submit the center point coordinates of the wreck under seal. Odyssey asserts that the location of the vessel is "sensitive [because] the small area provided could be easily searched using modern equipment in a period of a few days." (Doc. 25 at 3)

Odyssey's one-page memorandum of law provides insufficient cause to "overcome the strong common law presumption in favor of public access." Wilson v. American Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985). "Once a matter is brought before a court for resolution, it is no longer the parties' case, but also the public's case." Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). Odyssey's motion to file under seal otherwise fails to demonstrate that extraordinary circumstances necessitate filing the coordinates under seal. "Absent a showing of extraordinary circumstances . . . the court file must remain accessible to the public." Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). Odyssey's desire to retain exclusive access to the site fails to justify a stay, and the motion (Doc. 25) to file under seal is **DENIED**.

ORDERED in Tampa, Florida, on February 11, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE