UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

ROBERT A. STIRES,

    Petitioner-Appellant,

versus                                     Case No. 8:07-cv-1689-T-30TBM

WALTER A. McNEIL, *et. al.*,

    Respondents-Appellees.
_____/


ORIGINAL

## PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW the petitioner-appellant, Robert A Stires, *in propria persona*, and respectfully moves this Court for the entry of the certificate of appealability ("COA") required by 28 U.S.C. § 2253(c)(1)(A) for him to appeal its August 3, 2009 order (Doc. 24) summarily denying his *pro se* petition for writ of *habeas corpus* under 28 U.S.C. § 2254 (Doc. 1) *without* the benefit of an evidentiary hearing (Doc. 24 at 1-42), and Stires says the following in support thereof:

1. First, after reviewing Grounds One through Nineteen of Stires' *habeas corpus* petition (Doc. 1 at 5-33), reasonable jurists "could" debate whether he has made a substantial showing that a number of his constitutional rights were violated. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-4 [5], 146 L.Ed.2d 542 (2000).

2. Next, after reviewing Grounds One through Nineteen of Stires' *habeas corpus* petition (Doc. 1 at 5-33), what the respondents offered up in their supplemental response to his *habeas corpus* petition (Doc. 17 at 1-24), and everything he countered with in his supplemental reply (Doc. 23 at 1-37), reasonable jurists also "could" debate whether this Court's August 3,

PROVIDED TO AVON PARK
CORRECTIONAL INSTITUTION
ON _____
FOR MAILING. *R. S.*

2009 order (doc. 24 at 1-42) should have resolved Stires' claims (Doc. 1 at 5-33) in a different manner. *Slack*, 529 U.S. at 483-84, 120 S.Ct. at 1603-4 [5].

3. Finally, after reviewing Grounds One through Nineteen of Stires' *habeas corpus* petition (Doc. 1 at 5-33), what the respondents tendered in their supplemental response to his *habeas corpus* petition (Doc. 17 at 1-24), and the whole kit and caboodle that he came back with in his supplemental reply (Doc. 23 at 1-37), reasonable jurists likewise "could" debate whether the issues presented by this Court's August 3, 2009 order (Doc. 24 at 1-42) are "adequate" to deserve some encouragement to proceed further. *Slack*, 529 U.S. at 483-84, 120 S.Ct. at 1603-4 [5].

4. Thus, Stires believes that this Court ought to issue the COA required by § 2253(c)(1)(A) for him to appeal its August 3, 2009 order (Doc. 24) summarily denying his *habeas corpus* petition (Doc. 1) *without* the benefit of an evidentiary hearing (Doc. 24 at 1-42). *Miller-El v. Cockerell* 537 U.S. 322, 327, 123 S.Ct. 1029, 1039 [9], 154 L.Ed.2d 931 (2003).

WHEREFORE, Stires prays that this Court will enter an order granting him the COA required by § 2253(c)(1)(A) for him to appeal its August 3, 2009 order (Doc. 24) summarily denying his *habeas corpus* petition (Doc.1) *without* the benefit of an evidentiary hearing. (Doc. 24 at 1-42). Amen. So mote it be.

Respectfully submitted,

*[signature]* 804247
ROBERT A. STIRES #804247
Avon Park Correctional Institution
P.O. Box 1100
Avon Park, FL 33826-1100

Petitioner-Appellant *In Propria Persona*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under the penalties of perjury that a true and correct copy hereof was served by first-class mail on Rebecca Roak Wall, Assistant Attorney General, 444 Seabreeze Boulevard, Fifth Floor, Daytona Beach, FL 32118, on this 24th day of August, *Anno Domini* 2009.

_____
ROBERT A. STIRES